Mr. Chief Justice Johnson delivered the opinion of the Court. The question raised by the record in this case, was directly presented and settled by this Court in the case of Hixon vs. Weaver as ad., use, &c., (4 Eng, 137.) This Court said, in that case, that “ The Circuit Court had the power to adopt rules of practice for the purpose of despatching the business that may come before them, but that these rules must conform to the provisions of the statute, and not be so framed as to deprive either party of his legal rights. By the statute, the plaintiff had until the calling of the cause in its regular order on the docket to file his plea to the merits. This right might have been extended to a longer, but could not be restricted to a shorter period. The Court may by rule prescribe the times when the docket shall be called for the purpose of deciding preliminary questions,- and is not bound to wait until the cause shall be called for trial, but cannot require pleas to the merits to be filed on or before a particular day of the term, whether the cause be called or not.” It appears, from the bill of exceptions in this case, that when this cause was regularly reached upon the peremptory calling, the defendant below came forward and tendered his two several pleas to the merits. They were filed by the clerk, and then, upon the motion of the plaintiff, stricken from the files, and judgment rendered against the defendants as for want of a plea. The statute requires pleas to the merits to be filed when the writ has been served thirty days previous to the return day thereof, at or before the calling of the cause in its regular order upon the docket, unless the Court shall extend the time, which shall in no case extend beyond the term. It is clear, from the construction given to the statute in that case, that the defendant in this, in the Court below presented his pleas in apt time, and that consequently they were improperly for that cause stricken out. When the cause was reached on the third calling, under the rule of the Court, it was then reached in its regular order on the docket, and, as a matter of course, the defendant was then at liberty to file his plea to the merits. The plea denying the consideration of the instrument sued upon was properly stricken out, as it was not verified by affidavit, and if that was the only defence interposed, the judgment would not be disturbed. This objection, however, could not apply to the other plea, neither is it such a nullity as to be stricken out upon motion. The Circuit Court, therefore, erred in striking out the first plea, and for that cause the judgment ought to be reversed. The judgment of the Circuit Court of Marion county, herein rendered, is therefore reversed, canceled, and set aside, with costs; and it is further ordered that this cause be remanded to said Circuit Court, to be proceeded in according to law and not inconsistent with this opinion.