### P. W. SMITH V. S. KAUFMAN & CO.

1. PLEADING—*Conclusion.* An allegation that S. is not now or never has been legally appointed assignee for N. is a conclusion, and a demurrer thereto should have been sustained.

2. ASSIGNMENT—*Probate Court.* A probate court has no jurisdiction to render a judgment declaring an assignment under our Statutes null and void

*Error from the Probate Court of K County.*

Action brought in the Probate court of K county on the 27th day of January, 1894, by S. Kaufman & Co. against J. A. Newkirk, to recover the sum of $249.06. The facts are stated in the opinion.    Reversed.

*Keaton & Cotteral*, for plaintiff in error.

The opinion of the court was delivered by

SCOTT, J.: On the 27th day of January, 1894, S. Kaufman & Co. commenced suit in the probate court of K county, against J. A. Newkirk to recover the sum of $249.06, as payment for general merchandise sold to said J. A. Newkirk. On the same day the defendant entered his appearance and confessed judgment for the amount claimed, which confession is as follows:

" Comes now the plaintiff, and the defendant in person, and says that he is justly indebted to said plaintiff in the sum of two hundred and forty-nine dollars and six cents ($249.06) upon a contract for goods and merchandise sold and delivered to the defendant in the years of 1893 and 1894, and with the consent of the plaintiff confesses judgment in open court and

asks to have judgment rendered against him thereon for the said sum of $249.06.

"J. A. Newkirk, being duly sworn, says that he has heard read the statements in the foregoing confession of judgment, and says that they are true to his knowledge.                    J. A. NEWKIRK.

"Subscribed and sworn to before me this January 27, 1894.                    B. N. WOODSON,
                    "Probate Judge."

Thereupon, on the same day, judgment was rendered upon said confession for the sum of $249.06 and costs, and execution issued against the property of the said Newkirk, in the hands of P. W. Smith, on the 30th day of January, 1894. On the 5th day of February, 1894, the plaintiff filed in the said court an affidavit of garnishment against P. W. Smith, also a bill in aid of execution alleging that the sheriff of said county demanded the sum of the said P. W. Smith and alleging that Smith had in his possession more than a sum sufficient to satisfy said execution and that said Smith refused to turn over the sum of money for the reason that he claimed the same on an assignment of J. A. Newkirk. The plaintiff also alleged that said Smith had not been legally appointed assignee for said Newkirk, or the firm that he represented, and that he had sold large quantities of property belonging to said Newkirk; that the assignee was holding money of said Newkirk then in his hands under the pretense of an assignee, and asked that said Smith be required to pay the same into court and that the assignment be declared null and void. On the same day the probate court issued notice to J. A. Newkirk and P. W. Smith of said application. On February 10, said P. W. Smith filed a demurrer to said bill, alleging first, that the court had no jurisdiction of the subject matter of said proceeding; second, that the court had no jurisdiction of the person of the defend-

ant, P. W. Smith, and third, that said bill failed to state facts sufficient to constitute a cause of action against the defendant, P. W. Smith.

The court overruled the demurrer and allowed exceptions to such ruling. Smith then filed his answer to said bill, admitting his appointment as assignee of the estate of J. A. Newkirk, and alleged the same was legally made and that bond was given as required by law; admitting that he had sold and disposed of all of the chattel property of said Newkirk belonging to him before the assignment, and alleging that he was subject to the orders of the district court under said appointment as assignee. Afterwards, on the same day, said Smith filed his answer in garnishment, denying that he had ever had in his possession any sums of money belonging to the said Newkirk. On the 20th day of February, 1894, a hearing was had and the court rendered judgment on the garnishment proceedings, against the garnishee, in the sum of $249.06. Motion for a new trial was overruled and exception allowed. On the same day an execution was issued against said Smith, which was returned satisfied.

The plaintiff in error assigns numerous grounds of error as reasons for asking a reversal of the findings and judgment of the probate court, but we deem it unnecessary to notice all of them in order to arrive at a proper conclusion upon the material questions involved.

The defendant in error filed in the probate court a pleading designated by them as a "bill in aid of the collection of an execution," having for its object three distinct purposes, i. e., to obtain judgment against one P. W. Smith, who was not a party to the original action; to compel said Smith to pay into court the amount of judgment which plaintiff had obtained against J. A. Newkirk in the original action, and to

have the assignment to said P. W. Smith declared null and void.

An examination of the statutes relating to the proceedings in aid of execution discloses the fact that this so-called "bill" filed by the plaintiffs is, to say the least, of doubtful origin, and is not such a pleading as is contemplated by our code practice, and treating it as a document in the nature of a petition, as it seems to have been treated by the court and the parties, it fails in very essential particulars to state a cause of action in favor of the plaintiffs and against the defendant, P. W. Smith.

The only allegation in said petition relating to the assignment made by J. A. Newkirk is embraced in the following language:

"Plaintiff further alleges that said P. W. Smith is not now or never has been legally appointed assignee for J. A. Newkirk or the firm that said Newkirk represented."

This allegation is totally inadequate as a statement of a cause of action to revoke or annul an assignment, and there was nothing in the other allegations of the petition which even remotely showed any liability of the said P. W. Smith in favor of J. A. Newkirk, and this being true, the probate court committed manifest error when it overruled the demurrer of defendant Smith to this bill or petition.

In the subsequent proceedings there is an entire absence of any testimony going to show that Smith had any sum of money whatever in his hands belonging to the principal defendant, J. A. Newkirk, at the time he was served with notice of the filing of the "bill in aid of execution," and the order and judgment of the probate court rendered and entered against said Smith requiring him to pay into court the sum of $249.06, and the costs of the action was not sustained by the evidence, and was clearly erroneous and the

court erred in not granting the motion of the defendant for a new trial of said matters.

With respect to the question of the assignment made by Newkirk to Smith, and the legal effect and validity of said assignment, from aught that appears in the record and transcript, the action taken and the steps pursued in perfecting the assignment of property appear on their face to be perfectly regular and so far in conformity with the requirements of the statute as to make it a legal and valid assignment, and to vest the district court of K county with full control over the action of the assignee, and of the funds which came into his hands as such assignee, and we do not think that the probate court had any power or authority in this collateral proceeding to take cognizance of, or exercise jurisdiction over the subject of the assignment, and certainly, under the allegations of the pleadings of the plaintiff and in the light of the evidence introduced, the court had no power or authority to declare such assignment null and void.

This could only have been done by direct action in the district court, having for its object the annulment of the assignment itself, and so long as no direct steps had been taken in the proper court impeaching the validity of the assignment, the probate court had no power to order a diversion of the funds in the hands of the assignee and the payment of one creditor to the exclusion of others, and hence the court committed error in entering up judgment against the assignee, Smith, and in requiring him to pay the money into that court.

For the reasons given it is manifest that the action of the probate court must be reversed, and we need enter into no discussion of any of the other questions raised in the case.

It is ordered that the findings and judgment of the probate court of K county be, and the same are hereby

reversed, with instructions to the probate court to sustain the demurrer of the defendant to the bill of the plaintiffs, and to dismiss said proceeding, and to award execution in favor of Smith for the recovery of the amount paid into court by him and all costs of these proceedings.

Bierer, J., having been counsel in the case not sitting; all the other Justices concurring.