PARLIN & ORRENDORFF CO. v. SIDNEY SCHRAM AND W. N. THOMAS.

1. ASSIGNMENT. An instrument assigning the personal property of an individual to another for the benefit of the former's creditors vests the district court with jurisdiction of the trust estate.

2. PROBATE COURT—*Jurisdiction.* The probate court has no jurisdiction to render a judgment declaring an assignment, under our statute, null and void. (*Smith v. Kauffman et al.* 3 Okla. 568, followed.)

*Error from the Probate Court of Canadian County.*

*F. E. Gillett* and *M. D. Libby,* for plaintiff in error.

*W. H. Grigsby,* for defendants in error.

The opinion of the court was delivered by

DALE, C. J.:   January 15, 1895, Parlin & Orrendorff Co. filed a petition in the probate court of Canadian county, praying judgment in the sum of $982.27 against Sidney Schram, and a partner whose name it was alleged was unknown, as partners doing business as S. Schram & Co.   The suit was instituted upon a contract between the parties to the action by the terms of which Parlin & Orrendorff Co. placed in the possession of S. Schram & Co. certain farm implements which the latter was to sell, under an arrangement that the title to the goods was not

to pass from Parlin & Orrendorff Co. until the goods were by Schram & Co. sold, and when sold the proceeds of the sale of the same, whether cash, notes, or book accounts, were to be held by Schram & Co. as agent of Parlin & Orrendorff Co. until the obligations of Schram & Co. under the contract, should be paid. Under this contract Parlin & Orrendorff Co. supplied goods to Schram & Co. to the amount in value of $1,448.56 and at the beginning of this action in the court below there was still due from Schram & Co. to Parlin & Orrendorff Co. $982.27. At the commencement of the action an attachment affidavit was filed by plaintiff below and an attachment levied upon the stock of goods formerly in the possession of the defendant in the action. The grounds alleged in the affidavit are, in substance, that the defendant had, with intent to cheat, injure and defraud plaintiff, converted to his own use, and the use of the partners composing said firm, all of the cash, notes, and accounts arising from the sale of said goods, referring to the goods furnished under the contract as above set forth, and had refused to deliver the same upon demand, and had fraudulently contracted the debt and incurred the obligation for which the action is brought; has property and rights in action which are concealed, and was about to transfer the property for the purpose of placing it beyond the reach of creditors, and had so transferred property with the intent to hinder and delay them in the collection of their debt. The attachment writ was duly issued and levied upon a stock of goods located at Yukon, and formerly in the possession of the defendant.

January 21, 1895, one W. N. Thomas served notice upon the sheriff that he claimed the goods attached, by virtue of a deed of assignment executed to him on Janu-

ary 7, 1895, by Sidney Schram, and a demand was made for such goods. Thomas applied for and was granted leave to file his interplea in the action instituted by Parlin & Orrendorff Co. and by such interplea showed that on January 7, 1895, Sidney Schram executed to him a deed of assignment of all his personal property, (Schram having no real estate) and in such deed assigned the property attached and that he had accepted the trust; that at the time of the execution of such deed Schram was insolvent; that the deed was filed for record January 7, 1895; that on the 19th day of January, he qualified as assignee before the Hon. John H. Burford, judge of the district court of Canadian county; that his bond had been duly approved by said judge; that at the date of the assignment Sidney Schram was the sole owner of the goods attached and other personal property; that the suit of the plaintiff below, upon which the attachment was instituted and levied was subsequent to the deed of assignment and at a time when he, Thomas, was the owner, as trustee, of the property levied upon; that the sheriff wrongfully holds the same, and thereby obstructs and retards the proper administration of the trust. The assignee prayed dissolution of the attachment and damages in the sum of $500 for the wrongful levy thereof.

At the same time Sidney Schram filed an answer to the attachment, denying the grounds as set forth therein, and stating further that S. Schram & Co. as alleged in the plaintiffs' petition was in fact none other than Sidney Schram, that no partnership in fact ever existed; that he, Sidney Schram, owned all of the property held under the firm name of S. Schram & Co., also admitted the deed of assignment and said that he had transferred all of his property to W. N. Thomas by such deed.

The defendant, Sidney Schram, and the interpleader, W. N. Thomas, assignee, joined in a motion to discharge the attachment, and the case was by the probate court duly heard and the attachment sustained as to S. Schram; but the court held that the deed of assignment was a valid assignment of the property of Sidney Schram and transferred such property to Thomas before the attachment was levied thereon, and the court directed the sheriff to return possession of the property to Thomas and ordered the attachment dissolved on the motion of said Thomas.

To reverse the order dissolving the attachment on motion of Thomas, assignee, the case is brought to this court, and the errors assigned all go to the one question of the correctness of the ruling of the trial court in dissolving the attachment.

The deed of assignment from Sidney Schram is as follows:

"This deed of assignment this day executed, by and between Sidney Schram, of Yukon, Canadian county, and Territory of Oklahoma, assignor, and grantor, of the first part, and W. N. Thomas, of same place, assignee and grantee, of the second part,

" *Witnesseth*, That Whereas the party of the first part is insolvent and unable to pay his debts in full as they fall due, and desiring that his creditors shall be equally and fairly dealt with, he hereby sells, conveys, and assigns to the party of the second part all his estate and property of any description whatsoever and wherever situated.

" *To have and to hold*, in trust for the use and benefit of all my creditors, and to dispose of and apply the same to and for the benefit of my creditors, according to law. I have reserved nothing from the operation of this assignment, except such things and items of property as are exempt by law to me as the head of a family and citizen of Oklahoma.

" Given under my hand and seal this January 7, 1895.

"[SEAL]                              SIDNEY SCHRAM.

" I, Sidney Schram, do acknowledge the above and foregoing instrument of writing to be my voluntary act and deed.

"Signed and acknowledged in my presence this 7th day of January, 1895.

" [SEAL]                              W. J. CLARK,

                                        "County Clerk."

Also appears the certificate of Charles Rider, register of deeds, showing that the above instrument was filed for record in the office of register of deeds of Canadian county, on January 7, 1895, and an endorsement upon the back of the instrument as follows:

"I accept the within trust January 7, 1895.

                                      " W. N. THOMAS."

In the court below the case was tried upon the attachment affidavit of the plaintiff, the interplea of Thomas, assignee, and denial by Schram of the grounds set forth in the attachment affidavit, and the reply of the plaintiff below to the interplea denying the validity of the assignment.

Since the case and the briefs were filed in this court, an examination of the brief of appellee discloses that by agreement, there is inserted in writing, after the conclusion of the printed matter, an amendment, wherein it is alleged that the probate court of Canadian county had no jurisdiction of the subject matter of the action, citing *Smith v. Kaufman*, 3 Okla. 568, 41 Pac. 722.

" Objection to the jurisdiction of the court, which goes to the power of the court over the subject matter may be raised at any stage of the proceedings." (*Twine v. Carey*, 2 Okla. 249.)

In *Meyers v. Berry*, 3 Okla. 612, the court has also stated the rule thus:

"When the court has no jurisdiction of the subject matter, either party to the suit may avail himself of the objection at any stage of the proceedings, and whenever the court takes jurisdiction of the subject matter it will, of its own motion, or when its attention is called to the fact, refuse to proceed further and dismiss the case."

And in the last case cited, it is held that the objection upon jurisdictional grounds may be taken on appeal, after judgment, by a party in whose favor the judgment is rendered. And without citing further authorities, it may be said that the rule is well settled that an objection may be taken for the first time in the supreme court to the jurisdiction of the court in which the action was originally instituted and if such objection be good, the appeal will be dismissed. *Smith v. Kaufman, supra,* was a case where the validity of a deed of assignment was called into question in the probate court by an affidavit of garnishment. It was sought thereby to compel an assignee to account for moneys received by him in the administration of his trust; it was alleged that the party garnisheed had not been legally appointed assignee, and the party procuring the garnishment asked that the assignment be declared null and void. The assignee demurred to the jurisdiction of the court over such matter. The demurrer was overruled. This court reversed the decision of the probate court and, by Scott, J., said:

"With respect to the question of the assignment made by Newkirk to Smith, and the legal effect and validity of said assignment, from aught that appears in the record and transcript, the action taken, and the steps pursued in perfecting the assignment of property appear on their face to be perfectly regular and so far in conformity with the requirements of the statute as to make it a legal and valid assignment, and to vest the district court of K county with full control over the action of the assignee and of the funds which came into his hands as such

assignee, and we do not think that the probate court had any power or authority in this collateral proceeding to take cognizance of, or exercise jurisdiction over the subject of the assignment, and certainly, under the allegations of the pleadings of the plaintiff and in the light of the evidence introduced, the court had no power or authority to declare such assignment null and void. This could only have been done by direct action in the district court, having for its object the annullment of the assignment itself, and so long as no direct steps had been taken in the proper court impeaching the validity of the assignment, the probate court had no power to order a diversion of the funds in the hands of the assignee and the payment of one creditor to the exclusion of others, and hence the court committed error in entering up judgment against the assignee, Smith, and requiring him to pay the money into that court."

The decision here quoted from seems to have been fully authorized by our statute, which vests the district courts of the Territory only with jurisdiction in cases of assignments for the benefit of creditors:

A portion of § 16 of ch. 5, of our Statutes, entitled "Assignments," reads as follows:

"After the lapse of six months from the date of filing of his bond, the assignee, on motion of any one of the creditors, with ten days' notice, accompanied by an affidavit of the creditor, his agent, or attorney, setting forth his claim and the amount thereof, and that no account has been filed within six months, may be ordered by the court, or by the judge thereof, at any place in his judicial district, to render an account of his proceedings, within a given time, to be fixed by the court or the judge thereof, not to exceed fifteen days. All proceedings under this chapter shall be subject to the order and supervision of the judge of the district court of the county in which such assignment was made, and such judge may, from time to time, in his discretion on the petition of one or more of his creditors, by order, citation, attachment, or otherwise, require any assignee, or assignees to render

42——IV.

accounts and file reports of his or their proceedings and of the conditions of such trust estate, and may order or decree distribution thereof; and such judge may, in his discretion, for cause shown, remove any assignee or assignees and appoint another or others instead, who shall give such bond as the judge, in view of the conditions and value of the estate, may direct, and such order or removal and appointment, shall in terms transfer to such new assignee or assignees all the trust estate, real, personal and mixed, and may be recorded in the deed records in the office of register of deeds of any county wherein any real estate affected by the assignment may be situated.   And such judge may by order which may be enforced as upon proceedings for contempt, compel the assignee or assignees, when removed, to deliver all property, money, choses in action, book accounts, and vouchers to the assignee or assignees so appointed and to make, execute and deliver to such new assignee or assignees such deeds, assignments and transfers as said judge may deem proper and to render a full account and report of all matters connected with such estate.   *   *   *   *"

And further in the same section it is provided that an assignee may apply to a judge of the district court for a discharge and that the judge may discharge him, if he finds he shall be entitled thereto.   The language of this section is such as to leave no doubt of the intention of the legislature. It is the purpose of the law to make assignees for the benefit of creditors wholly dependent upon the orders of the judge of the district court.   And the trust assumed by an assignee can only be properly exercised when done in accordance with such orders.   If then, in the case under consideration, the object of the proceedings in attachment was to set aside entirely, or in any manner to affect the trust accepted under the deed of assignment, the probate court had no jurisdiction of the subject matter.   By his interplea, Thomas showed that at the time the attachment was run, he was, by virtue of the assignment, duly

acknowledged, the assignee in possession of the property attached; that he had in good faith accepted the trust and qualified under the law as assignee, and further that the judge of the district court had approved his bond. The time for the filing of the inventory had not yet expired, but he averred in his interplea that it was in preparation. The validity of the assignment was attacked by the answer of the plaintiff below to this interplea of Thomas, and it seemed to be the theory in the trial of the case, that if the assignment was not fraudulent and set aside, the attachment of the plaintiff would not avail him. As we view the law the probate court had no jurisdiction to declare the assignment void, unless upon its face the instrument purporting to assign the property of Schram was absolutely void. The judge of the district court had already acquired complete jurisdiction under the law of assignments, if the instrument itself was not a void instrument, which is the claim made by the appellants.

Section 5, of ch. 5, *supra*, states what the character of the instrument must be which shall assign the property of one person to another for the benefit of the former's creditors, and is as follows:

"Section 5. An assignment for the benefit of creditors must be in writing, subscribed by the assignor, or by his agent thereto authorized by writing. It must be acknowledged or approved and certified in the mode prescribed by §§ 10 and 11 of this chapter."

The legislature attempted to adopt the Dakota assignment law, but through the error of the compilers of the Statute, or for some other reason, §§ 10 and 11 of our law on assignments do not in any manner refer to the acknowledgment of a deed or instrument of assignment, but simply to the recording thereof, and the filing of an inventory, and it is contended by appellants that the

acknowledgment of the instrument was fatally defective because neither in conformity with the assignment laws of the state of Dakota, or of the laws relating to the recording of deeds in this Territory. However that may be, and upon that question we do not now pass, whether the instrument by which the property attached was properly acknowledged or not, it is clear that the same is not void upon its face. The Statute requires that an assignment for the benefit of creditors must be in writing, subscribed by the assignor; or by his agent thereto authorized in writing, and must be acknowledged or approved and certified. All of these requirements have been fully complied with, unless it may be in the acknowledgment, and in that there was an evident attempt at compliance with the law. The assignment must stand until it is judicially found that in the acknowledgment there was some error or not a sufficient compliance with the law which would make the assignment illegal. This matter could only be determined in direct attack and in the forum created by law for the purpose of trying the question. As before stated, in order for the attachment to succeed, it was necessary for the probate court to hold the assignment void. Inasmuch as the instrument assigning the property was not void upon its face, it is not subject to a collateral attack in this manner, but can only be set aside in a proper proceeding in the district court. This case comes squarely within the principle laid down in *Smith v. Kaufman*, *supra*, and the judgment of the lower court must be affirmed.

All the Justices concurring.