SMITH *et al.* v. BOARD OF COM'RS OF ROGERS COUNTY.

No. 1363. Opinion Filed July 12, 1910.

(110 Pac. 669.)

1. **PLEADING—Conclusion of Law—Counties — Advertisement for Bids—Action to Restrain.** The allegation that the commissioners have advertised for bids, and will, unless interfered with by the court, let a contract for a bridge at a certain point, followed by the additional allegation that the advertisement for the letting of the contract to construct the said bridge at the point designated has not, as they verily believe, been published and posted as required by law, is as to the latter a statement merely of a legal conclusion and a petition based thereon is demurrable.

   (a) A pleading should contain a positive statement of essential facts, and it must be, when assailed by demurrer, held insufficient where it merely states conclusions.

2. **COUNTIES — Finances — Remedies of Taxpayer—Injunction—Adequate Remedy at Law.** A board of county commissioners advertised for bids for building a bridge at a certain point. An injunction was sought to prevent the letting of said contract on the ground (1) that the construction of said bridge at said point would be unjust to the great majority of the taxpayers in that portion of the county; and (2) the plaintiffs were neither permitted to protest nor be heard for the purpose of asking that said order be rescinded. Held, that relief by means of injunction should be denied because the plaintiffs had a complete and adequate remedy at law under provisions of section 1690, 'Comp. Laws Okla. 1909; section 1833, St. Okla. T. 1890, authorizing an appeal to the district court from such order.

(Syllabus by the Court.)

*Error from District Court, Rogers County; T. L. Brown, Judge.*

Action by J. C. Smith and others against the Board of Commissioners of Rogers County. Judgment for defendants, and plaintiffs bring error. Affirmed.

*J. S. Davenport,* for plaintiffs in error.

*W. H. Kornegay* and *W. M. Hall,* for defendants in error.— On necessity of pleading facts: *Railroad Co. v. Woods* (Ala.) 7 L. R. A. 612; *Smith v. Kaufman,* 3 Okla. 571; *Callahan v. Brod-*

*erick,* 124 Cal. 80; *Byington v. Com'rs Saline Co.,* 37 Kan. 654. On adequate remedy at law: Throop on Public Officers, secs. 849, 394; 2 Beach on Injunctions, secs. 1376, 1377; *Fones Bros. H'dware Co. v. Erb,* 54 Ark. 645; *Wood v. Bangs,* 1 Dak. 179.

WILLIAMS, J.    This action was commenced in the lower court on September 11, 1909, by the herein plaintiffs in error, to wit, J. C. Smith, J. S. Day, and Randolph Settle, acting for themselves and other taxpayers similarly situated and affected, as plaintiffs, against the defendants in error, to wit, the board of county commissioners of Rogers county as defenddants, for a temporary writ of injunction against said defendants to restrain them from letting, or attempting to let, a contract for the construction of a bridge on a certain point on the Verdigris river, in said county, and upon a final hearing for said order to be made permanent.    On the same day a temporary writ of injunction was granted, and on December 29, 1909, on motion of the defendants, it was dissolved.

1. It is contended by counsel for plaintiffs in error that the petition alleging that the notice required by law with reference to the letting of the contract to erect said bridge at the point designated had not been posted and published, said allegations having been admitted by demurrer, which was sustained by the lower court, that the court erred in dissolving the injunction. Paragraph 3 of the petition is in part as follows:

"The plaintiffs further state and show to the court that the defendants above named, as county commissioners of Rogers county, Okla., have advertised for bids and will on the 13th day of September, A. D., 1909, at 10 o'clock a. m., unless interfered with by this court, let a contract for a bridge in the northwest quarter of section 17, township 20, range 16, near the mouth of the first branch or creek east of the line between sections 17 and 18 of township 20 north, range 16 east."

In paragraph 4 it is further alleged:

"The plaintiffs say that the advertisement for the letting of the contract to construct the said bridge at the point designated has not, as they verily believe, been published and posted as required by law."

In paragraph 3 the positive allegation is that the board have advertised for bids, and will on the 13th day of September, A. D., 1909, unless interfered with, let the contract for a bridge at a certain point, and in the fourth paragraph the allegation is that said advertisement has not, they verily believe, been posted and published as required by law.

In *Smith v. Kaufman & Co.,* 3 Okla. 571, 41 Pac. 723, it is said:

. "The only allegation in said petition relating to the assignment made by J. A. Newkirk is embraced in the following language: 'Plaintiff further alleges that said P. W. Smith is not now or never has been legally appointed assignee for J. A. Newkirk or the firm that said Newkirk represented.' This allegation is totally inadequate as a statement of a cause of action to revoke or annul an assignment. * * "

Paragraph 1 of the syllabus of said case is as follows:

"An allegation that S. is not now or never has been legally appointed assignee for N. is a conclusion, and a demurrer thereto should have been sustained."

In *Byington v. Com'rs of Saline Co.,* 37 Kan. 654, 16 Pac. 105, it was held that a pleading should contain a positive statement of essential facts, and must be held insufficient where it merely states that such facts are alleged to exist.

In *Callahan v. Broderick, City and County Auditor,* 124 Cal. 80, 56 Pac. 782, it is said:

"As to the first of these demands, it is alleged that 'they are not lawful'; that the 'Moran demand is for the expenses not allowed by law to be paid out of said fund'; that 'the Short demand is seventy-two dollars in excess of the amount legally due thereon'; that 'the Clinton and Pomeroy demands are drawn under section 13 of the pension law of 1889 (St. 1889, c. 62), and said section is unconstitutional and void, because of special legislation, and many other reasons.' These allegations are nothing more than averments of legal conclusions. There are no averments of facts from which it can be determined whether the demands are or are not illegal or unauthorized. There is no statement of the character of the demands from which it can be determined what they were for. The necessity for a statement of the facts essential to a right claimed is not obviated by averments of legal conclusions.

(*Aurrecoechea v. Sinclair*, 60 Cal. 532), for allegations of conclusions of law will be disregarded in considering objections raised by demurrer (*Ohm v. City and County of San Francisco*, 92 Cal. 437, 28 Pac. 580). A conclusion of law renders no issue, and a complaint which depends upon such allegations is insufficient and demurrable. *Branham v. Mayor, etc.*, 24 Cal. 585. The Code provision requires a concise statement of the facts constituting the cause of action, not such statement of the law governing it. Code Civ. Proc. § 426. Appellant replies that respondent ought not to be permitted to escape investigation on what is by appellant claimed to be a purely technical objection to the complaint, and that the objections go to its uncertainty, if at all, and not to its sufficiency. Most rules of pleading are technical, but they are founded in wisdom and justice, and orderly procedure imperatively demands their reasonable enforcement. The objection of uncertainty goes rather to the doubt as to what the pleader means by the facts alleged, not to the failure to allege sufficient facts. When the facts alleged are insufficient, the pleadings are to be tested by general demurrer. Code Civ. Proc. § 430."

In the case of *Memphis & Charleston R. Co. et al. v. Woods et al.*, 88 Ala. 630, 7 South. 108, 7 L. R. A. 612, 16 Am. St. Rep. 81, it is said:

"We have foreborne to state one imperfection in the bill until this time. Many of the essential averments of the bill are stated in this form: Complainants are 'informed and believe,' or 'are advised and believe,' without any allegation or charge that the information or advice is true. This form of allegation has always been held in this court to be insufficient. It is not an averment that the information or advice is true, but that the pleader believes it to be true. A full denial of such averment would be either that the complainants had not received such information or advice, or, if they received it, they did not believe it. This would not present the issue sought to be raised."

Section 5627, Comp. Laws Okla. 1909 (section 3965, St. Okla. Ter. 1893), provides:

"The petition must contain: 1st. The names of the court, and the county in which the action is brought, and the names of the parties, plaintiff and defendant, followed by the word 'petition.' 2nd. A statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition. 3rd. A demand of the relief to which the party supposes himself

entitled. If the recovery of money be demanded, the amount thereof shall be stated; and, if interest thereon be claimed, the time from which interest is to be computed shall also be stated."

The provisions of said section are very similar to the provisions of the California Code referred to in *Callahan v. Broderick, City and County Auditor, supra.* In view of the excerpt quoted from paragraph 3, the allegations on belief in paragraph 4, as set out above, are not sufficient. Especially is this true when the gravamen of the petition for relief is that the board of county commissioners had failed and refused to give them a hearing and permit them to protest against the order to advertise for bids to build a bridge at said point.

2. Are the plaintiffs entitled to the relief on the ground that the defendants had refused to permit plaintiffs to file a protest after the order for the advertisement of the bids had been made, or to give them a hearing thereon with a view of inducing defendants to rescind the order? We refer to the following provisions of the statutes:

"From all decisions of the board of county commissioners under matters properly before them, an appeal may be taken to the district court by any persons aggrieved, including the county by its county attorney upon filing a bond with sufficient penalty, and one or more sureties to be approved by the county clerk, it being further provided that any county attorney upon the written demand of at least seven taxpayers of the county shall take an appeal from any action of the board of county commissioners of any county to the district court when said action relates to the interest or the affairs of the county at large, in the name of the county, when he deems it to the interest of the county so to do." (Section 1690, Comp. Laws Okla. 1909; section 1833, St. Okla. Ter. 1890).

"Such appeal must be taken within twenty days after the decision of the board by serving a written notice on one member thereof," etc. (Section 1691, Comp. Laws Okla. 1909; section 1834, St. Okla. Ter. 1890).

"The district court in disposing of said appeal may make a final judgment and cause the same to be executed, or may send the same back to the board with an order how to proceed, and require said board of county commissioners to comply therewith

by a mandamus or attachment as for contempt." (Section 1694, Comp. Laws Okla. 1909; section 1837, St. Okla. Ter. 1890).

By section 7860, Comp. Laws Okla. 1909, the board of county commissioners of each county have control of all bridges more than 20 feet long, and are empowered to contract for the erection and maintenance of the same. By section 7861 no contract is to be let by said board for the building of any bridge across any particular stream without advertisement, etc. These provisions are substantially the same as were in force in Dakota Territory, chapter 9, art. 7, Code 1887.

In *Wood et al. v. Bangs et al.*, 1 Dak. 179, 46 N. W. 586, the court said:

"I come now to the consideration of the only remaining question which I regard as important to this case. Section 27, c. 4, Laws 1869, gives the county commissioners authority and power to erect and repair courthouses, jails and other county buildings, and expressly authorizes them to make contracts for that purpose. Section 31 of the same chapter authorizes an appeal from the decision of the county commissioners upon all matters properly before them by any person aggrieved to the district court of the county. Section 34 provides that all appeals taken from the decisions of the commissioners shall be docketed as other causes pending therein, and the same shall be heard and determined *de novo.* Section 35 provides that the district court shall render final judgment, and cause the same to be executed, or the district court may send the same back to the commissioners with an order how to proceed, and require the board to comply with the order by mandamus or otherwise. Here, then, is a plain, simple, sensible, cheap, and adequate remedy given by statute to all persons aggrieved by the action and decisions of the board of commissioners. The record in this case discloses the fact that the plaintiffs well knew of the action of the commissioners. They were, in fact, present and protested, as appears of record, against the action and determination of the board. If they were dissatisfied, it was their duty to have pursued the remedy given by statute. Here is a plain statute empowering the commissioners to build a courthouse, and the same statute gives all parties aggrieved by the decision of the commissioners the right of appeal. It seems hardly necessary to cite authorities in support of this position that where a statute confers upon public officials authority to do one act, and then the

same statute points out the remedy secured or given to all parties aggrieved, the aggrieved party must pursue his legal or statutory remedy, and that such aggrieved party has no standing in a court of equity. See *Oelrichs v. Spain,* 15 Wall. 227 [21 L. Ed. 43.] This is the language of the court: 'It has been insisted by the counsel for the appellants that there is a complete remedy at law, and that the bill must therefore be dismissed. Such must be the consequence if the objection is well taken. In the jurisprudence of the United States this objection is regarded as jurisdictional, and may be enforced by the court *sua sponte,* though not raised by the pleadings nor suggested by the counsel.' See, also, *Parker v. Woolen Co.,* 2 Black, 551 [17 L. Ed. 333], and *Grand Chute v. Winegar,* 15 Wall. 373 [21 L. Ed. 170], and cases there cited. We are therefore unanimously of the opinion that so much of the preliminary injunction as remains in force should be dissolved, and that this action be dismissed."

See, also, *Fones Bros. Hard. Co. v. Erb,* 5 Ark. 645, 17 S. W. 7, 13 L. R. A. 353; Throop on Public Officers (1892), secs. 849, 394; 2 Beach on Injunctions (1895) secs. 1376, 1377.

The allegation is not that the commissioners were without authority to act, but that the action was unjust to the great majority of the taxpayers to be affected. Neither fraud nor corruption is alleged. The plaintiffs had 20 days within which to prosecute an appeal from the order of the board for the advertisement to let the contract for the building of this bridge; a plain and adequate remedy at law being afforded. It may be that the plaintiffs were unfortunate in that they have mistaken their remedy, but this cannot be amended by this court.

It follows that the judgment of the lower court must be affirmed.

All the Justices concur.