## TOBIN v. CITY of SHAWNEE et al.

No. 13541—Opinion Filed Oct. 23, 1923.

(Syllabus.)

1. **Municipal Corporations — Injunction Against Issuance of Warrants—Insufficiency of Petition.**

Where a taxpayer of a municipality seeks to enjoin the issuance of warrants of the municipality on the ground that the same are in excess of the legal estimates for the expenditures for such municipality during the fiscal year; and the petition alleges that the estimate of the financial needs of a municipality prepared by the officers of the municipality and furnished to the county excise board included an item showing the estimated income of such municipality from sources other than ad valorem taxation, which amount exceeded the amount collected by the municipality from the same sources for the preceding fiscal year, and where the petition does not allege that the excise board included such illegal amount in the estimate approved by it, and that the municipality was threatening to incur indebtedness or issue warrants in excess of a legally approved estimate by the excise board, a demurrer was properly sustained to such petition.

2. **Same—Allegations of Conclusions.**

An allegation that the municipality intended to incur indebtedness and issue warrants not permitted by law, and which warrants would be illegal and void is a conclusion of the pleader, and, in the absence of other averments of fact to support such conclusions, a demurrer thereto was properly sustained.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Injunction by Thomas P. Tobin against the City of Shawnee and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Chas. E. Wells, for plaintiff in error.

Wyatt & Waldrep, for defendants in error.

COCHRAN, J. This action was filed by the plaintiff in error, as a taxpayer in the

city of Shawnee, against defendants in error, comprising the mayor, city clerk, city treasurer, and councilmen of the city of Shawnee for the purpose of enjoining the defendants in error from contracting debts and issuing warrants for the fiscal year ending June 30, 1922, in excess of a certain sum. A demurrer was sustained to this petition, and the plaintiff in error has appealed.

The contention of the plaintiff in error is that the city of Shawnee, or its proper officers, in the preparation of its financial statement for the fiscal year ending June 30, 1922, included an item showing the amount of estimated income from sources other than ad valorem taxes; that the amount so included exceeded the amount received from this source by the municipality for the preceding year, in violation of section 9699, Comp. Stat. 1921, which provides that in no event shall the amount of such estimated income exceed the actual collections from such source for the previous fiscal year.

It is contended by the plaintiff in error than by reason of this excessive estimate for estimated income from sources other than ad valorem tax, the amount of the estimate exceeds the legal limit, and that the defendants in error will contract debts and issue warrants for the full amount of said estimate. The plaintiff in error contends that the questions here involved are governed by the general provisions of the statute, and defendants in error contend that the same are governed by the charter provisions of the city of Shawnee; but, as we view the case, it is unnecessary to determine which of these contentions is correct. The plaintiff in error bases his right to relief upon the statutory provisions, and under the provisions of sections 9698 and 9699, Comp. Stat. 1921, the excise board of the county is required to approve the estimates furnished by the municipality within the limits provided by law, and, after having approved the same, the board is required to make a levy therefor, and in making such levy it is provided that the amount of the estimated income from sources other than ad valorem taxation, which is deducted by the board from the amount to be raised by ad valorem tax, should not exceed the amount of the estimated income from such sources for the previous year. It is also provided that the municipality shall not issue any warrant for a purpose other than for which the appropriation has been made by the excise board, or in excess of the amount thereof, The petition filed in this case recites that the amount of estimated income from sources other than ad valorem tax as contained in the financial statement furnished by the city, or its proper officers, exceeded the amount authorized by law, and it also states that the city intends to incur an indebtedness and to issue warrants not permitted by law, but the petition nowhere alleges that the estimate approved by the excise board was not approved in accordance with law or that any item was included therein which was not authorized by law, neither is it alleged that in addition to the amount raised by ad valorem tax there is included in the approved estimate an excessive amount on account of estimated income from sources other than ad valorem tax. So far as the allegations of the petition are concerned, there is nothing to show that the approved estimate was not in all respects in compliance with the statute, and there is no allegation that the city is about to incur indebtedness or issue warrants in excess of this approved estimate. In these circumstances, the petition did not state a cause of action. The allegations that the city intended to incur an indebtedness and issue warrants not permitted by law, and which warrants would be illegal and void, were legal conclusions, and, in the absence of other averments in the petition, the demurrer was properly sustained thereto. Smith v. Coffman, 3 Okla. 568, 41 Pac. 722; Wray v. Howard, 79 Okla. 223, 192 Pac. 584.

For the reasons stated, the judgment of the trial court should be affirmed, and it is so ordered.

JOHNSON, C. J., and McNEILL, NICHOLSON, and MASON, JJ., concur.