**PITMAN v. OWENS et al.**

No. 21629.    Nov. 28, 1933.

R. D. Howe, for plaintiff in error.

Fred M. Carter and E. C. Hopper, Jr., for defendants in error.

RILEY, C. J. This is an appeal from an order sustaining a demurrer to the amended petition of plaintiff, and dismissing same upon the election of plaintiff to stand upon such amended petition.

The action is one to quiet title and recover possession of certain real property and cancel a guardian's deed and an oil and gas lease. The amended petition alleges, in substance, that plaintiff is a one-sixteenth Creek Indian; that as such he was allotted the land here involved; that the land was sold by his guardian by and through probate proceedings, to one D. O. Busha, the guardian's deed being dated November 15, 1910; that the land was conveyed to defendant Owens by Busha by deed dated November 16, 1910; that Owens was Busha's brother-in-law. Copy of the guardian's deed was attached to the amended petition showing same was acknowledged November 15, 1910, and filed for record November __; that the guardian and Busha, with the knowledge of Owens, entered into an agreement whereby the purchase price of the land was not to be in cash, but was to be part cash and a team of mules and harness to be valued at $300; that said transaction constituted a fraud upon the court and said minor; that plaintiff never received the cash or the mules and harness as shown by the guardian's report, a copy of which is attached to the petition and made a part thereof.

A part of the guardian's report is pleaded in the amended petition as follows:

"Guardian's report—November 15th, 1910, received on sale of minor's land, $500. Paid out—November 15, 1910, attorney's fees, $25; Court cost and advertising, $25; livery hire for appraisers, $5.50; paid the appraisers $2 each, $6; paid for report to R. D. Howe, $5; I have had the care and custody, have boarded, clothed and educated my ward, have paid his bills, and expenses up to date. I went to Hominy Post, Osage Nation, and brought my ward to my home in Stidham at an expense of $25. The items of expenses above enumerated total $91.50, and my charge for ten years care and maintenance of my ward is $408.50, making a total of $500."

Copy of the guardian's petition to sell, the order for hearing the same, waiver of notice by next of kin, decree of sale, notice of sale with proof of service, return of sale and order for hearing thereon, notice of hearing and proof of service and posting, all appearing to be regular in form and in conformity with law, are attached to and made a part of the certified transcript, presumably as a part of the amended petition. The transcript also contains a copy of the verified report of the guardian, which appears to be indorsed, "Disapproved by me this 16th day of September 1920, (Signed) H. B. Reubelt, County Judge."

The return of sale made by the guardian, after reciting the decree of sale, and that public notice of the sale had been given as required by law, shows that "he sold said land (describing it) to D. O. Busha, for the sum of $500, on the following terms, to wit: 'cash', in hand paid upon approval of the deed by the county court, that said D. O. Busha was the highest bidder therefor, and the sum of $500 was not disproportionate to the value of said property."

The verified report of the guardian shows that he received from sale of the minor's allotment, $500.

The order approving the sale was entered November 15, 1910. The guardian's deed was executed and acknowledged the same day, but the deed when it was recorded, as far as shown by the transcript, was in November, but of what year does not appear. The amended petition alleges that plaintiff was born August 8, 1902. This action was commenced October 8, 1929. The amended petition further alleges:

"That the plaintiff did not discover the nature of said fraud until sometime in the month of April, 1929, just a short time prior to the filing of this suit."

It further alleges that defendant D. R. Owens unlawfully kept plaintiff out of possession for the past 19 years.

As to the defendant Indian Territory Illuminating Oil Company, the only allegation is:

"Eighth—that the said defendant, the Indian Territory Illuminating Oil Company, has an oil and gas mining lease on the said land, that is a cloud on the title of

the said plaintiff to the said land and should be canceled and removed."

The first ground in the separate demurrer of the I. T. I. O. Company is: "Because said amended petition does not state facts sufficient to constitute a cause of action in favor of plaintiff and against this defendant." The separate demurrer of the defendant D. R. Owens contains the same ground, and also that the amended petition shows on its face that plaintiff attained his majority on August 8, 1923, more than two years before the said suit was filed, and that plaintiff's cause of action is barred by limitation under section 184, C. O. S. 1921. Further grounds of demurrer are:

"Third—Because it appears from plaintiff's amended petition that the guardian's deed which he seeks to have canceled, was executed on the 15th day of November, 1910, and plaintiff's suit is barred by the 15-year statute of limitations and the two-year statute of limitations above referred to, and also the three-year statute of limitations, as provided in section 1496, C. O. S. 1921; and also said action is barred under the provisions of subdivision 2 of section 183, C. O. S. 1921, said guardian's deed asked to be set aside having been recorded for more than five years before filing of suit, and said guardian's deed having been recorded for more than five years from the date plaintiff obtained his majority, to wit, August 8, 1923."

As to the defendant I. T. I. O. Company, the record discloses that the order of the court sustaining the demurrer was clearly right. There is no allegation as to when, from whom, or under what authority the oil and gas lease was taken. A copy thereof is not attached to the amended petition, and there is nothing but the bare allegation of the existence of the lease and conclusion that it is a cloud upon the title of plaintiff, although it is not alleged that the lease is of record.

"A pleading should contain a positive statement of essential facts, and it must be, when assailed by a demurrer, held insufficient where it merely states conclusions." Smith v. Bd. of Co. Com'rs, 26 Okla. 819, 110 P. 669.

As to defendant Owens, the amended petition, together with exhibits attached thereto, clearly shows that the guardian's deed was executed November 15, 1910. The deed from the purchaser to defendant Owens was executed November 16, 1910; that Owens had been in possession of the land at least 19 years next before this suit was instituted; that plaintiff was

born August 8, 1902, and therefore attained his majority August 8 (or 7), 1923; that this action was not commenced until October, 1929, six years and two months after plaintiff became 21 years of age.

The basis of plaintiff's claim is that the guardian's deed, appearing to be regular upon its face, and obtained under probate proceedings regular in all respects upon the face thereof, is void. The petition is challenged upon the ground that it shows upon its face that the action is barred by the several statutes of limitation.

Defendant had been in possession under claim of ownership more than 15 years before the action was commenced, and but for the minority of plaintiff during a portion of that time, the action would have been clearly barred August 8, 1925, under subdivision 4, section 183, C. O. S. 1921.

Subdivision 2 of said section provides that an action for the recovery of property sold by guardian upon an order or judgment of a court directing such sale, when brought by the ward or a guardian, must be brought within five years after the date of recording the deed. But the record here presented does not show clearly when the deed was recorded. Subdivision 2, supra, is not applicable.

The amended petition does affirmatively show that defendant Owens had been in possession 19 years next preceding the commencement of this action, and that plaintiff attained his majority more than six years before the action was commenced.

Section 184, C. O. S. 1921, provides that:

"Any person entitled to bring an action for the recovery of real property, who may be under any legal disability when the cause of action accrues, may bring his action within two years after the disability is removed."

Plaintiff's right of action for possession of the premises must have accrued to him, according to his own petition, as early as November 18, 1910. Therefore, his cause of action was clearly barred, and this includes the action to cancel the deed.

Section 1496, C. O. S. 1921, provides:

"No action for the recovery of any estate, sold by a guardian, can be maintained by the ward, or by any person claiming under him, unless it is commenced within three years next after the termination of the guardianship, or when a legal disability to sue exists by reason of minority or otherwise, at the time when the cause of action accrues, within three years next after the removal thereof."

In Walker v. Hatcher, 109 Okla. 283, 231 P. 88, it is held:

"Where the grantee under a guardian's deed, and those claiming under him, have been in continuous possession of real property since the purchase thereof at a guardian's sale, an action by the ward to recover the property, commenced more than eight years after the guardian's deed was recorded and more than 7 years after the termination of the guardianship, and more than three years after the ward had reached his majority, is barred by subdivision 2, section 183, and by section 1496, Comp. Stat. 1921, and it is not material whether the guardian's deed was valid, voidable, or void."

A number of cases are therein cited holding actions such as shown by the record here are barred, and that the statute of limitations applies alike to all sales, void as well as voidable. It would, therefore, seem unnecessary to consider the cases cited by plaintiff in error relative to void and voidable deeds.

All the statutes of limitations with the possible exception of paragraph 2, sec. 183, supra, clearly apply.

The judgment of the trial court is affirmed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BUSBY, and WELCH, JJ. concur. BAYLESS, J., absent.