## MELLON COMPANY *v.* McCAFFERTY, COUNTY TREASURER.

### ERROR TO THE SUPREME COURT OF THE STATE OF OKLAHOMA.

No. 27.  Submitted October 22, 1915.—Decided November 29, 1915.

Where the decree of the state court rests upon an independent non-Federal ground broad enough to sustain it, irrespective of the Federal right asserted, this court has no jurisdiction to review under § 237, Jud. Code.

Failure to resort to ample and efficient administrative remedies existing under the state law to review assessments claimed to have been unlawfully made, is a non-Federal ground sufficient to sustain a judgment of the state court refusing to enjoin the collection of the tax.

The duty to resort to an adequate remedy provided by statute cannot be escaped by assuming that even if resorted to the wrong complained of would not have been rectified.

Writ of error to review, 38 Oklahoma; 534, dismissed.

THE facts, which involve the jurisdiction of this court to review under § 237, Jud. Code, judgments of the state court where there are non-Federal grounds sufficient to sustain it irrespective of the Federal question involved, are stated in the opinion.

*Mr. W. A. Ledbetter, Mr. H. L. Stuart* and *Mr. R. R. Bell* for plaintiff in error:

The decision of the state court is contrary to and violates the provisions of the Fifth and Fourteenth Amendments. *Raymond* v. *Chicago Traction Co.,* 207 U. S. 20; *Cummings* v. *Merchants' National Bank,* 101 U. S. 153.

Under the facts alleged in its petition plaintiff in error was entitled to equitable relief.   Section 5771, Comp. Laws Oklahoma 1909; *Bardrick* v. *Dillon,* 7 Oklahoma, 535;

Art. X, § 5, Oklahoma Constitution; *Raymond v. Chicago Traction Co.,* 207 U. S. 20; *Willcox v. Consolidated Gas Co.,* 212 U. S. 19; *General Oil Co. v. Crain,* 209 U. S. 211; *Chicot v. Sherwood,* 148 U. S. 529; *Love v. A., T. & S. F. Ry.,* 185 Fed. Rep. 321; *Love v. A., T. & S. F. Ry.,* 174 Fed. Rep. 59.

*Mr. Charles J. Kappler, Mr. John Embry* and *Mr. Sam Hooker* for defendants in error:

Where a party has taxable property, within the district, he cannot resort to equitable proceedings to obtain relief, but must follow the methods provided by the statutes of the State in order to procure relief; the remedy, thus provided by the statute, was, and is, exclusive of all others.

The assessment of property and the equalization by the various boards were judicial acts, and being judicial in their nature the judgment of these boards can not be collaterally attacked, but an appeal must be taken therefrom to the courts as provided by law. *Hopper v. County,* 143 Pac. Rep. 4; *Silven v. Commissioners,* 92 Pac. Rep. 604; *London v. Day,* 38 Oklahoma, 428; 2 Cooley on Taxation (3rd ed.), 1382, 1464; *Stanley v. Board Supervisors,* 121 U. S. 535; *Thompson v. Brady,* 143 Pac. Rep. 6; *Williams v. Bank,* 38 Oklahoma, 539; *Carroll v. Gerlach,* 11 Oklahoma, 151; *Finney County v. Bullard,* 77 Kansas, 349; *West. Un. Tel. Co. v. Douglas Co.,* 76 Nebraska, 666; *Shelton v. Platt,* 139 U. S. 591; *Pittsburg &c. Ry. v. Board Public Works,* 172 U. S. 32; *In re West. Un. Tel. Co.,* 29 Oklahoma, 483, and 35 Oklahoma, 626; *In re McNeal,* 35 Oklahoma, 17; *Fast v. Rogers,* 30 Oklahoma, 289.

Plaintiff having failed to take advantage of his right of appeal from the action of the assessor and the board, as prescribed by statute, could not be heard in a court of equity, for he had an adequate and complete remedy at law, and by reason of his own negligence failed to take advantage thereof.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

·The court below affirmed a decree of the trial court dismissing a bill filed by the plaintiff in error to enjoin the collection of state, county and city taxes assessed against it for the year 1910. 38 Oklahoma, 534. The ground for relief alleged was that the assessment had been unlawfully made as the result of an agreement between the city assessor and the county board of equalization, with the approval of the state auditor, that the property of all corporations should be assessed at its true cash value while that of all individuals should be assessed at only sixty per cent. of its cash value. The bill alleged that the result of the assessments so made was to give rise to such inequality and discrimination as to make the assessment illegal under the state constitution and laws and also to cause it to be repugnant to the equal protection and due process clauses of the Fourteenth Amendment. The action of both the courts was taken in disposing of a general demurrer to the bill and both held that the bill stated no equity because it failed to allege that adequate administrative remedies which were provided by the state law for the correction of the wrongful valuation complained of had been resorted to.

As it is not disputed and indeed is from a twofold view indisputable that the action of the court below was right if the premise upon which its ruling was based be accepted, that is, the existence of ample and efficient administrative remedies under the state law and the failure to resort to them (*Prentis* v. *Atlantic Coast Line*, 211 U. S. 210; *Johnson* v. *Wells, Fargo & Co.*, this day decided, *post*, p. 234) it follows that we are without jurisdiction since under that hypothesis the decree below would rest upon an independent state ground broad enough to sustain it, irrespective of the questions of Federal right asserted. ·

But it is urged that plain error was committed by the court below in its ruling as to the state law, since some of the remedies, under that law which it was held should have been resorted to for the purpose of correcting the assessment complained of were not so available. Although the error thus complained of manifestly concerns a state question, the argument insists that we have jurisdiction to consider and correct it since the right to do so is inseparable from the duty to give effect to the Constitution. We are of opinion, however, that if for the sake of the argument the proposition be conceded and every remedy which it insists was wrongfully decided to be available be upon the hypothesis stated put out of view and treated as not existing, nevertheless there remain remedies provided by the state law embraced by the ruling below which would cause that ruling to rest upon independent state grounds broad enough to sustain it irrespective of the Federal rights relied upon. The merest outline of the assessment laws of the State will make the grounds of this conclusion clear.

Situated in a municipality, the city assessor was the officer primarily charged with the duty of assessing the property in question, and that officer in conjunction with the mayor or president of the board of trustees and the city clerk composed a city board of equalization with ample powers to redress all individual wrong complained of concerning an assessment and with authority to take steps generally to equalize assessments. Section 7616, Compiled Laws of 1909. From the adverse action of this board upon complaint made a right of appeal existed to the county board of equalization composed of a majority of the county commissioners. The powers of such board were also ample to redress any grievance complained of. Section 7617, Compiled Laws of 1909. In addition there was a state board of equalization having general authority to correct inequalities between counties; in other words,

to redress wrongs which were more extensive in character than those arising from the complaint of individuals as to their particular assessments. Section 7620, Compiled Laws of 1909. From the action of neither of these administrative bodies was there any method of review given prior to 1910. In that year the statutes were reënacted, the principal change being a right given to review the action of the county board by the county court, and that of the state board by the Supreme Court. Chapter 73, Session Laws of 1910, p. 148, and chap. 87, *id.,* p. 173. The error of state law which it is insisted was committed by the court was the ruling that the law of 1910 was in effect for the purpose of the prosecution of an appeal as to the assessment in question from the county board of equalization to the county court, when in fact such remedy could not have been pursued because when the law of 1910 went into effect the county board had completed its work under the assessment for 1910 and had adjourned *sine die.* But conceding this to be true the court below ruled that under the act of 1910 in view of the character of the wrong complained of as to the particular assessment in question there was power vested in the state board of equalization to hear complaint concerning it and hence the duty to invoke its action and, if it was adverse, to appeal from that body to the Supreme Court of the State—a right which could have been availed of, as there is no contention that there was not ample opportunity to so do after the act of 1910 was enacted and went into effect. Moreover, a like situation arises from the ruling below to the effect that it was the duty irrespective of the reënacting act of 1910 under the original law to have complained of the assessment to the city board and to have appealed from its adverse action to the county board of equalization. To avoid this difficulty in the argument it is insisted that a resort to these remedies was not required because they would have been unavailing in view of the nature

of the wrong complained of. But the duty tó resort to the adequate remedies provided could not be escaped by. assuming that if they had been resorted to the wrong complained of would not have been rectified.

As it follows that under any possible view of the case the judgment below rested upon propositions of state law adequate to sustain it wholly irrespective of the Federal right relied upon, it results that we have no power to review and the writ of error must be dismissed for want of jurisdiction.

*And it is so ordered.*