## ATCHISON, T. & S. F. RY. CO. v. ELDREDGE, County Treasurer, et al.

No. 7905—Opinion Filed July 24, 1917.

(166 Pac. 1085.)

**1. Taxation—Illegal Exactions—Remedies.**

The remedy provided by section 7, art. 1, c. 107, Session Laws 1915, against the collection of illegal taxes, is exclusive, and injunction against such collection will not lie.

**2. Same—Statutes—Validity.**

Section 7, art. 1, c. 107, Session Laws 1915, is not unconstitutional.

(Syllabus by Collier, C.)

Error from District Court, Ellis County; T. P. Clay, Judge.

Action by the Atchison, Topeka & Santa Fe Railway Company against T. J. Eldredge, as County Treasurer, and another. There was a judgment for defendants, and plaintiff brings error. Affirmed.

Cottingham & Hayes, C. B. Leedy, and Charles H. Woods, for plaintiff in error.

Frank E. Ransdell, for defendants in error.

Opinion by COLLIER, C. This action was brought by the plaintiff in error to enjoin the collection of certain taxes alleged to be illegal; temporary injunction was awarded;

demurrer was interposed to the petition, which demurrer was sustained by the court; and, plaintiff in error declining to plead further and electing to stand upon its petition, the court dissolved the temporary injunction and dismissed the cause, to which the plaintiff in error duly excepted, and brings error to this court. Hereinafter the parties will be designated as they were in the trial court.

The petition in this case is very voluminous, and we deem it unnecessary to set it out in extenso, and think it only necessary to say that the averments contained in the petition are sufficient to resist the attack by demurrer, provided section 7, chapter 107, of the Session Laws of 1915, page 178, is not the exclusive remedy against the collection of an illegal tax.

The demurrer filed by defendants is upon several grounds, including that the petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants, or either of them. In support of the contention of the plaintiff, as to error on the part of the court in failing to overrule the demurrer, are urged: (1) That the remedy by injunction is a concurrent remedy. (2) That the 1915 law is to be construed prospectively to govern the assessment, levy, and collection of taxes for the fiscal year subsequent to the time of the passage of this act, and is not to be given a retrospective effect in regard to taxes already assessed, levied, and due. (3) That, in so far as the 1915 statute has effect, this section, which requires payment of an illegal tax to the treasurer as a condition precedent to maintaining a suit for recovery, is void and unconstitutional, in that it deprives a person of his property without due process.

The contention on the part of the defendants is that said section 7, chapter 107, Session Laws 1915, supra, provides an exclusive remedy, and, the plaintiff not having followed their remedy, that the demurrer was properly sustained. The appeal was filed in this court December 13, 1915, and since then we think, and so hold, that every contention of the plaintiff has been adjudicated adversely to it. In the case of Black et al. v. Geissler et al., 58 Okla. 335, 159 Pac. 1124, it is held:

"That it was within the power of the Legislature to enact said section 7, c. 107, Session Laws 1915, and the remedy therein provided is plain, speedy, and adequate, and is exclusive."

In the body of the opinion Mr. Justice Hardy says:

"The plaintiff therefore says that under this statute, and the decisions cited, his right to maintain this action is established, and this contention is sound if section 4881 has not been modified by subsequent legislation. At the regular session of the Legislature of 1915 there was passed an act amending the tax laws of the state, and this act is found as chapter 107, Session Laws 1915, where the Legislature, in addition to prescribing remedies by appeal from the action of the assessor in making the assessment or the equalization as made by the county board of equalization, and making provision for an appeal from the action of the state board of equalization, further provided by section 7 of said act as follows: 'In all cases where the illegality of the tax is alleged to arise by reason of some action from which the laws provide no appeal, the aggrieved person shall pay the full amount of the taxes at the time and in the manner provided by law, and shall give notice to the officer collecting the taxes showing the grounds of complaint and that suit will be brought against the officer for recovery of them.' "

It is further said in the body of the opinion:

"That the procedure provided by this act furnishes the plaintiff a plain, speedy, and adequate remedy for the correction of any error in assessment or equalization of his property and for the recovery of any taxes which may be illegally assessed against him, and where such remedy exists equity will not interfere by injunction with the levy and collection of the revenues of the state government.   Smith v. Board of Com'rs, 26 Okla. 819, 110 Pac. 669; Garvin County v. Lindsay Bridge Co., 32 Okla. 784, 124 Pac. 324; Fast et al. v. Rogers, County Treasurer, 30 Okla. 289, 119 Pac. 241; Turner et al. v. Ardmore et al., 41 Okla. 660, 130 Pac. 1156."

We therefore cannot agree with the contention of the plaintiff that remedy by injunction is a concurrent remedy, and are of the opinion, and so hold, that section 7, c. 107, Session Laws 1915, supra, provides an exclusive remedy.   The third paragraph in the syllabus in the case of Black et al. v. Geissler et al., supra, holds:

"It was within the power of the Legislature to enact said section 7, and the remedy therein provided is plain, speedy, and adequate, and is exclusive."

Said section 7, chapter 107, Session Laws 1915, was in force at the time of the institution of this action; therefore, we deem it unnecessary to determine, and hence express no opinion, whether said act would have a retrospective effect or not, as we hold said section 7, chapter 107, Session Laws 1915, provides an exclusive remedy against the collection of illegal taxes, and consequently injunctional relief therefor cannot be had.

The remaining question in this case is as to the correctness of the contention of plaintiff that said section 7, chapter 107, Session Laws 1915, supra, violates the provision of our Constitution, because it deprives any person of his property without due process of law. In Tenn. v. Sneed, 96 U. S. 69, 24 L. Ed. 610, the Supreme Court of the United States had under consideration the statutes of Tennessee, which were very similar to section 7 now under consideration, in fact, almost identical with the law under review in the instant case, and sustained the law, the court saying:

"In revenue cases, whether arising upon its internal revenue laws or those providing for the collection of duties upon foreign imports, it adopts the rule prescribed by the state of Tennessee.   It requires the contestant to pay the amount fixed by the government and gives him power to sue the collector, and in such suit to test the illegality of the tax.   There is nothing illegal, or even harsh, in this.   It is a wise and reasonable precaution for the security of government. No government could exist that permitted the collection of its revenues to be delayed by every litigious man or every embarrassed man, to whom delay was more important than the payment of costs.   We think there is no ground for the assertion that a speedy and effective remedy, not provided to enforce the claim set up by the plaintiff."

In the body of the opinion of Black et al. v. Geissler, supra, it is also said:

"The enactment of section 7 was but another step in the policy of the state to require all complaints by taxpayers to be settled without resort to the courts, except where expressly authorized, until after the tax is paid, and to pursue the remedy provided by statute which will interfere to the least extent with the enforcement of the revenue laws of the state.   Such a remedy as is provided by section 7 was said in the Sneed Case, supra, to be adequate and speedy, and in many other cases, where provision has been made under the laws of this state affording an aggrieved taxpayer a remedy whereby he may have corrected errors in assessments or equalization of his property, such remedy so afforded has been held to be adequate, and to justify a denial of the right of the taxpayer to appeal to equity for an injunction restraining the collection of the tax complained of." Williams v. Garfield Ex. Bank, 38 Okla. 539, 134 Pac. 863; Board of Com'rs v. Tinklepaugh, 49 Okla. 440, 152 Pac. 1119, and cases cited; Mellon Co. v. McCafferty, 239 U. S. 134, 36 Sup. Ct. 94, 60 L. Ed. 181.

In said opinion of Justice Hardy it is further said:

"The Legislature may prescribe the form of remedy to be pursued in such cases, and may change the same, provided that the ag-

grieved taxpayer is left an effectual remedy, or one is provided for him, which is all that is necessary, and when such remedy is provided same is exclusive." Tenn. v. Sneed, supra; Shelton v. Platt, 139 U. S. 591, 11 Sup. Ct. 646, 35 L. Ed. 273.

We think, and so hold, that the contention of the plaintiff that the act under review is unconstitutional, because it does not provide for the recovery of damages, or for attorney's fees, or compensation for use of the money, is wholly without merit. We are of the opinion, and so hold, that injunction is not a concurrent remedy to prevent the collection of illegal taxes, that the remedy provided by section 7, chapter 107, Session Laws 1915, for the recovery of illegal taxes paid under protest is exclusive, and that said act is free from constitutional objection, and therefore the action of the trial court in sustaining the demurrer to the petition in this case was free from error.

This cause is affirmed.

By the Court: It is so ordered.