## BRADFORD v. SNELL, County Treas., et al.

No. 9430—Opinion Filed Dec. 14, 1920.

(Syllabus by the Court.)

### 1. Taxation—Remedy of Taxpayers—Injunction.

The remedy provided by section 7, ch. 107, Session Laws 1915, affords a plain, adequate, and speedy remedy at law for the correction of any errors in the assessment, equalization and collection of an illegal tax, and such remedy is exclusive, and equity will not interfere by injunction with the levying and collection of revenues of the state government.

### 2. Same—Injunction Against Issuance of Tax Deed.

An injunction will not lie against the issue of a deed upon an alleged illegal tax certificate by reason of the action or nonaction of the taxing officials, where the taxpayer has not first paid the tax under protest and given notice to the collecting officer that suit will be brought to recover the same.

### 3. Same—Petition—Sufficiency.

A petition in an action for relief against an alleged illegal tax sale certificate which fails to state that prior to the institution of said action plaintiff has complied with section 7, ch. 107, Session Laws 1915, page 149, does not state facts sufficient to constitute a cause of action, and a general demurrer to said petition should be sustained.

Error from District Court, Beckham County; T. P. Clay, Judge.

Action by W. L. Bradford against C. E. Snell, County Treasurer of Beckham County, and others to remove clouds from the title of lands, and to enjoin and restrain defendants from issuing any purported tax deed conveying said land. Judgment for defendants, and plaintiff brings error. Affirmed.

E. E. Blake, for plaintiff in error.

E. F. Maley and J. A. Minton, for defendants in error.

COLLIER, J. Plaintiff in error, hereinafter referred to as plaintiff, owned lots in Elk City, Beckham county, Oklahoma, particularly described in the petition in this case, which were sold for taxes of 1912, and certificates of sale therefor issued, part of which said certificates were held by the board of county commissioners of Beckham county, and others of such certificates were held by A. V. Foster, one of the defendants herein, who demanded a deed under and by virtue of said certificates, which certificates recited that the sale was for taxes of 1912.

The plaintiff filed his petition against C. E. Snell as county treasurer of Beckham county, the board of county commissioners of said county, and A. V. Foster, hereinafter called defendants, alleging that said certificates were void because of the failure of the tax assessor to perform many of the mandatory acts that were necessary to the validity of the said certificates of sale, and secured a temporary restraining order, which is as follows:

"Therefore, it is by the court considered, decreed, ordered and adjudged that the said defendant, C. E. Snell, be restrained from issuing any tax sale certificates, or any assignments of any tax sale certificates, and from issuing any tax deeds purporting or pretending to convey lots numbered 19, 20, 21 and 22, in block 38, Elk City, Oklahoma,

according to the recorded plat of said city, or any estate of the said W. L. Bradford, in said lots, or any part or parcel thereof, as a means of, or evidencing the collection of any purported tax thereof by tax sale for the years 1908, 1909, 1910, 1911, 1912, 1913, 1914 and 1915, or either of said years, and that the defendant, A. V. Foster, be restrained from demanding, taking, receiving, recording or transferring any purported tax deed evidencing or purporting to evidence the sale of said properties, or any part or parcel thereof, or any interest or estate therein, for the collection of any tax, or pretended tax, for either of said years. That this order shall be in full force and effect upon the execution by plaintiff of a bond in the sum of $500.00 conditioned to pay the said defendants, and each of them, all damages they may sustain if it should be finally determined that this order was wrongfully issued, said bond to be approved by the clerk of this court. This order shall be in full force and effect until the further order of this court herein.

"That hearing on the application for temporary injunction herein be, and is hereby affixed for the 7th day of February, 1916, at Sayre, Oklahoma.   T. P. Clay, Judge."

The petition in this case is very voluminous and we think it unnecessary to incumber this opinion by said petition set out in extenso; and deem it only necessary to say: That the averments of said petition are sufficient to resist the attack of a general demurrer, if the remedy provided by section 7, ch. 107, page 149, Session Laws 1915, is not the exclusive remedy against the collection of an illegal tax, which said section 7, supra, reads as follows:

"In all cases 'where the illegality of a tax is alleged to arise by reason of some action from which the law provides no appeal, the aggrieved person shall pay the full amount of the taxes at the time and in the manner provided by law, and shall give notice to the officer collecting the taxes, showing the grounds of complaint and that suit will be brought against the officer for the recovery of them.

"It shall be the duty of such collecting officer to hold such taxes separate and apart from all other taxes collected by him, for a period of thirty days and if within such time summons shall be served upon such officer in a suit for recovery of such taxes, the officer shall further hold such taxes until the final determination of such suit. All such suits shall be brought in the court having jurisdiction thereof, and they shall have precedence therein; if, upon final termination of any such suit, the court shall determine that the taxes were illegally collected, as not being due the state, county or subdivision of the county, the court shall render judgment showing the correct and legal amount of taxes due by such person, and shall issue such order in accordance with the court's findings, and if such order shows that the taxes so paid are

in excess of the legal and correct amount due, the collecting officer shall pay to such person the excess and shall take his receipt therefor."

The defendants demurred to said petition upon several grounds, including;

"That the petition does not state facts sufficient to constitute a cause of action in favor of plaintiffs and against defendants or either of them."

The court sustained the demurrer, and the plaintiff, declining to plead further, gave notice in open court of his intention to appeal to the Supreme Court, and thereupon the court dismissed the case, and ordered that the temporary restraining order herein be continued 30 days pending the filing of petition in error in the Supreme Court, upon the execution and approval of a supersedeas bond in the sum of $750.

The required bond was given and the appeal in this case perfected by filing in this court, within the 30 days given therefor, a petition in error with case-made attached.

In support of the plaintiff's contention that the demurrer is not well taken, he urges that said section 7, supra, is to be construed prospectively to govern the assessment, levying, and collecting of taxes for the fiscal year subsequent to the passage of this act, and is not to be given a retroactive effect in regard to taxes already levied and due, and to apply such law in this case would be to make said law retroactive. This contention we deem unnecessary to determine, and hence express no opinion whether the said act would have been retroactive or not, as said section 7, ch. 107, Session Laws 1915, was in force when this action was commenced, and provides an exclusive remedy against the collection of an illegal tax; consequently injunctional relief cannot be had.

The said contention of the plaintiff has been heretofore adversely disposed of by this court in Atchison, T. & S. F. R. Co. v. Eldredge, 67 Oklahoma, 166 Pac. 1085, in which it is said:

"Said section 7, ch. 107, Session Laws 1915, was in force at the time of the institution of this action; therefore, we deem it unnecessary to determine, and hence express no opinion, whether said act would have a retrospective effect or not, as we hold said section 7, ch. 107, Session Laws 1915, provides an exclusive remedy against the collection of illegal taxes. * * *"

In support of defendants' contention that the demurrer is well taken, they insist that said section 7, supra, provides an exclusive remedy and affords the plaintiff a full and adequate remedy at law; and if not being.

alleged in the petition that the plaintiff had paid, under protest, the alleged illegal tax prior to the institution of this action, that said petition does not state a cause of action; and with this contention we agree, and hold: That the court did not err in sustaining the said demurrer to the petition in this case.

In the case of Black et al. v. Geissler et al., 58 Okla. 335, 159 Pac. 1124, this court said:

"The procedure provided by this act furnishes plaintiff with a plain, adequate, and speedy remedy for the correction of any error in the assessment or equalization of his property and for the recovery of any taxes which may be illegally assessed against him, and where such a remedy exists, equity will not interfere by injunction with the levy and collection of the revenues of the state government. Smith v. Board of Commissioners, 26 Okla. 819, 110 Pac. 669; Garvin County v. Lindsay Bridge Co., 32 Okla. 784, 124 Pac. 324; Fast et al. v. Rogers, County Treasurer, 30 Okla. 289, 119 Pac. 241; Harris et al. v. Smiley, 36 Okla. 89, 128 Pac. 276; Turner et al. v. Ardmore et al., 41 Okla. 660, 130 Pac. 1156. * * *

"The enactment of section 7 was but another step in the policy of the state to require all complaints by taxpayers to be settled without resort to the courts, except where expressly authorized, until after the tax is paid and to pursue the remedy provided by statute, which will interfere to the least extent with the enforcement of the revenue laws of the state. Such a remedy as is provided by section 7 was said in the Sneed Case, supra, to be adequate and speedy, and in many other cases where provision has been made under the laws of this state affording an aggrieved taxpayer a remedy whereby he may have corrected errors in assessments or equalization of his property such remedy so afforded has been held to be adequate and to justify a denial of the right of the taxpayer to appeal to equity for an injunction restraining the collection of the tax complained of. Williams v. Garfield Ex. Bank, 38 Okla. 539, 134 Pac. 863; Board of Commissioners v. Tinklepaugh, 49 Okla. 440, 152 Pac. 1119, and cases cited; Mellon Co. v. McCafferty, 239 U. S. 134, 36 Sup. Ct. 94, 60 L. Ed. 181."

The judgment of the trial court is affirmed.

All the Justices concur.