## EXCISE BOARD OF BLAINE COUNTY v. ATCHISON, T. & S. F. RY. CO.

No. 27220. June 29, 1937.

Rehearing Denied Sept. 14, 1937.

J. V. Hostutler, for plaintiff in error.

Rainey, Flynn, Green & Anderson, for defendant in error.

OSBORN, C. J. This is an appeal from a judgment of the Court of Tax Review by the excise board of Blaine county, hereinafter referred to as protestee.

But one question is presented by the appeal and that is whether or not the court erred in requiring that 5 per cent. of the income and revenue accruing to the county from automobile tax and gasoline excise tax be apportioned to the county sinking fund to be used in the payment of principal and interest on a county road bond issue, as required by the provisions of section 12539, O. S. 1931. It is urged that said section has been repealed by subsequent legislative enactments. We are cited to chapter 137, Session Laws 1933, and subdivision (e), section 1, article 3, chapter 50, Session Laws 1935. In the case of Protest of St. Louis-S. F. R. Co., 171 Okla. 180, 42 P. (2d) 537, it was held that the provisions of section 12539, supra, were mandatory, and that said section was not repealed by chapter 137, Session Laws 1933. An examination of the cited provision of the Session Laws of 1935 discloses that it expressly provided for the repeal of chapter 137, Session Laws 1933. We find no language therein contained which operates either directly or by necessary implication to repeal the provisions of section 12539, supra. The separate acts were designed for separate and distinct purposes and are not in conflict.

It is further argued that the provisions of section 12539, supra, are not applicable for the reason that all of the funds derived from the sale of the bond issue involved herein were spent for constructing bridges and that none of said funds were spent for constructing hard-surfaced roads. There is no merit in this. Bridges are an essential and integral part of a road system. To follow the contention of protestee in this respect would be to do violence to the obvious intent and purpose of the Legislature in the enactment of section 12539, supra.

Other contentions of the protestee have been examined and are without substantial merit.

The judgment of the Court of Tax Review is affirmed.

BUSBY, WELCH, CORN, and HURST, JJ., concur. BAYLESS, V. C. J., and RILEY, PHELPS, and GIBSON, JJ., absent.