## JEFFERSON COUNTY EXCISE BOARD et al. v. STANOLIND PIPE LINE CO.

No. 27211. Oct. 19, 1937.

Williams & Williams and Victor J. Eckler, for plaintiffs in error.

Mastin Geschwind, for defendant in error.

WELCH, J. This is an appeal from the judgment of the Court of Tax Review sustaining the protest of defendants in error against a levy to produce funds with which to pay one-third of a judgment rendered against independent school district No. 14, in Jefferson county. The levy so involved was made under a writ of mandamus issued out of the district court of Jefferson county after the judgment against the school district had been appealed to this court, and while said appeal was pending. Said cause was appealed by the school district without giving a supersedeas bond.

Benton, the party in whose favor the judgment had been rendered, then asserted his right to have a tax levy made sufficient to pay one-third of the judgment. The county excise board refusing to make the levy, Benton filed an action in the district court asking a writ of mandamus to require the excise board to make the levy. Upon issues joined, the court, upon a hearing, issued the writ. That judgment, not being appealed from, became final.

The levy was made and the protest herein is against said levy. The Court of Tax Review sustained the protest, and this appeal is from said order. The record here shows merely a stipulation of facts before the Court of Tax Review and the writ issued in the district court.

Plaintiffs in error contend that section 543, O. S. 1931, is applicable to school districts, and that section 5977, allowing the county attorney to appeal in certain cases without the consent of the board of county commissioners and without bond, is not applicable.

Section 543, supra, provides that no proceeding in error to reverse, vacate, or modify a judgment, except as otherwise provided, shall operate to stay a judgment unless an undertaking provided for in said section, generally termed a supersedeas bond, is given.

Said section does not apply to judgments against school districts. The right to appeal does not depend upon the giving of a

supersedeas bond. Starr v. McClain, 50 Okla. 738, 150 P. 666; Hutchings v. Winsor, 92 Okla. 37, 217 P. 1044. In both of these cases and others it is said that the only purpose and effect of 'a supersedeas bond is to stay execution or other proceedings to enforce the judgment pending appeal. This being the sole purpose and effect of a supersedeas, it would follow that if no execution may· issue, no supersedeas bond is required.

Section 6823, O. S. 1931, provides:

"Whenever any final judgment shall be obtained against any school district, the district board shall provide for a tax on all taxable property in the district for the payment thereof; such taxes shall be collected as other school district taxes, but no execution shall issue on such judgment against the school district."

No execution being permissible as against a school district, there is no place for a supersedeas bond to stay execution. The same section provides what shall be done in order to satisfy a judgment against a school district. The district board shall provide for a tax on all taxable property in the district for the payment thereof. The section provides when such proceedings shall be taken, viz., whenever any final judgment shall be obtained.

So far as the district court was concerned, the original judgment in that court was final, that is, it was final within the meaning of final judgments or orders from which an appeal would lie. But proceedings in error having been instituted in this court, the judgment was not final in the sense that the party in whose favor the judgment was rendered was then entitled to collect same.

Other proceedings to enforce said judgments were not proper at that time, and therefore the levy was premature and improperly made.

It is urged, however, that, inasmuch as the levy was made in obedience to the writ, the same cannot be successfully attacked in the Court of Tax Review, even though the levy was unauthorized by the statute; and that the attack on this levy in such manner is an unauthorized collateral attack upon a final order and judgment. The rules of law urged in support of such contention are general and well known, but the controlling question is whether those rules have application here, in view of our special or specific statutory provisions as to tax protests.

The provisions of Initiative Petition No. 100, adopted by vote of the people, and other related statutory provisions, establish a comprehensive and exclusive method of finally fixing the legality of ad valorem tax levies as against taxpayers. These laws grant taxpayers the specific right to protest any ad valorem tax levy made by the excise board, and to have the legality of the levy and tax rate determined by the Court of Tax Review. That court was created and given this specific jurisdiction by these laws; see sections 12305-12314, O. S. 1931. The taxpayers cannot proceed otherwise or in any other court to test the legality of any such levy made by the excise board, but may so proceed by protest against any levy made by that board.

These provisions of law, creating these rights and creating this court and fixing its jurisdiction, were attacked on numerous constitutional grounds in State ex rel. Babb v. Mathews et al., 134 Okla. 288, 273 P. 352. But the act was upheld as against all contentions.

Prior to the adoption of this act, the method of attack of an ad valorem levy asserted to be illegal was to pay the tax under protest and immediately sue for return of the money under section 9971, C. O. S. 1921 (12665, O. S. 1931). That was then the specific right of taxpayers, and the exclusive remedy, as was held in Bradford v. Snell, 80 Okla. 56, 193 P. 982; Black v. Geissler, 58 Okla. 335, 159 P. 1124, and Atchison, T. & S. F. R. Co. v. Eldredge, 65 Okla. 317, 166 P. 1085. However, that specific right was destroyed and that section was repealed, in so far as concerns questions of illegality of levy or tax rate, by the adoption of Initiative Petition 100. as this court held in Protest of First National Bank of Guthrie, 136 Okla. 141, 276 P. 766.

In view of the provisions of these laws, and the cited decisions, and the opinions in the many cases appealed from the Court of Tax Review it seems now thoroughly settled that the taxpayers have the specific right to protest any ad valorem tax levy made by the excise board, and to present such protest to the Court of Tax Review, whether such levy was made by the excise board of its own volition or pursuant to persuasion or compulsion. And in line with

the reasoning of this court in the former opinions in Black v. Geissler, Bradford v. Snell, and Atchison, T. & S. F. Ry. Co. v. Eldredge, supra, it would seem clear that this is now the exclusive remedy of taxpayers since the repeal of section 9971, C. O. S. 1921 (12665, O. S. 1931), in those particulars, as above noticed.

We, therefore, hold that this taxpayer had the right to protest this levy and to present the question of the legality thereof to the Court of Tax Review.

But it is urged that the Court of Tax Review is without authority to disturb this particular levy; that the levy was made pursuant to judgment of the district court in mandamus; that the court had jurisdiction of the subject matter and of the parties and that the judgment awarding mandamus is final and "binding on the school district, the taxpayers, the Court of Tax Review and the world."

We can follow that argument but partially. The district court did have jurisdiction of the subject matter, and of the parties, and jurisdiction to award the writ to require the tax levy to be made and recorded. Sutton v. Kalka, 141 Okla. 233, 285 P. 1. But the district court had not the jurisdiction to go further and adjudge and decree that when such levy should be made, it should be binding on all taxpayers, and could not be protested by any taxpayer or tested in the Court of Tax Review. This is true because jurisdiction to determine legality of ad valorem tax levies and tax rates was taken away from the district courts by Initiative Petition 100. And that jurisdiction might legally be taken from the district court and placed in the Court of Tax Review, as was clearly pointed out in State ex rel. Babb v. Mathews, supra. It was there said:

"Under proposition (f) it is contended that the act in question violates section 10, art. 7, which provides as follows: 'The district courts shall have original jurisdiction in all cases, civil and criminal, except where exclusive jurisdiction is by this Constitution, or by law, conferred on some other court, and such appellate jurisdiction as may be provided in this Constitution or by law.' It appears to us that the above constitutional provision in itself sufficiently answers the contention made under this proposition. It is clear from the above provision from section 10, art. 7, of the Constitution that district courts shall retain their original jurisdiction only, until exclusive jurisdiction is by law conferred upon some other court. Hence, notwithstanding the fact that under the provisions of the Constitution the district courts are given original jurisdiction and appellate jurisdiction in certain matters, yet the Constitution authorizes the creation of other courts upon which may be conferred exclusive jurisdiction, and this, it seems to us, is what is attempted to be done by the act in question. * * *"

In addition to jurisdiction of the parties and the subject matter, it is necessary to the validity of a judgment that the court should have jurisdiction to render the judgment actually rendered. And it seems clear that the latter essential to jurisdiction was wholly lacking if the judgment rendered in mandamus be construed as adjudging against taxpayers the legal validity of this tax levy. While if we construe that district court judgment as not adjudging the validity of this tax levy as against taxpayers, then we may well uphold it as a judgment requiring the excise board to make and record the levy, reserving, however, to any taxpayer his right to protest such levy the same as any other levy otherwise made by the excise board.

Suppose that the district court judgment, in addition to granting the writ of mandamus and directing that the levy be made, had specifically adjudged:

"That when so made, such levy shall be finally legal and valid against all taxpayers, and all taxpayers are barred from protesting said levy and the Court of Tax Review shall not consider said levy on any protest."

Would such an adjudication have been within the jurisdiction of the court and valid? Assuredly not. Then we cannot construe the district court judgment to mean the same thing and have the same effect, and yet say that it is valid and binding on the taxpayer.

We hold that the district court in the mandamus action was without jurisdiction, as against the body of taxpayers, to adjudicate the legal validity of this levy ordered to be made, and that no district court judgment could bar the right of taxpayers to protest ad valorem levies, or destroy the power and authority of the Court of Tax Review to determine the legality thereof. This particular jurisdictional power to finally determine legality of levies has been taken from the district court and placed in the Court of Tax Review.

This does not destroy the power of the

district courts to require levies to be made That power remains. Any litigant in a proper case has the right to so enforce the making of a levy, but subject to the power of the Court of Tax Review to check the legal validity of the levy on proper protest of a taxpayer.

Thus we preserve the right of a claimant or litigant in a proper case to compel the excise board to make a certain levy, while also preserving the right of the taxpayers, who pay the levies, to protest the same and test them in the special manner and before the special tribunal provided for by valid law.

While the judgment of the district court was binding on the excise board, requiring that board to make and record the levy, that judgment was not binding on the body of taxpayers as fixing the legal validity of that levy, because of the law creating the special tax tribunal, fixing its powers and jurisdiction, and fixing the right of taxpayers to there question all levies before paying them.

We, therefore, hold that the Court of Tax Review properly considered the protest against the levy, and properly sustained the protest, and the judgment of that court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and GIBSON, HURST and DAVISON, JJ., concur. RILEY, PHELPS and CORN, JJ., dissent.