ATCHISON, T. & S. F. RY. CO. v.
HARPER COUNTY EXCISE BOARD.

No. 30821. June 23, 1942.

*127 P. 2d 170.*

Rainey, Flynn, Green & Anderson, of
Oklahoma City, for plaintiff in error.

Lonnie B. Ison, County Attorney, Harper County, Mac Q. Williamson, Atty. Gen., and P. C. Lackey, Asst. Atty. Gen., for defendant in error.

WELCH, C. J. All facts are stipulated and we have only a question of construction of certain provisions of Title 47, chap. 1a, S. L. 1941, sec. 3 (d), 47 O. S. 1941 § 22.2 (d), which we quote as follows:

". . . Such sums as may be due the various counties of the state shall be remitted to the respective county treasurers monthly and shall be used for the construction, improvement or repair of highways, except that the county treasurer shall deposit so much of said money in the sinking fund as may be necessary for the retirement of interest and annual accruals of indebtedness created by the issuance of county or township bonds for road purposes, but not to exceed forty per cent (40%) of such moneys shall be so used. . . ."

The taxing officials sought to make provision in the sinking fund for payment of a judgment theretofore rendered upon certain bridge bonds which had matured. That sinking fund was wholly financed by ad valorem tax levy, the taxing authorities declining to apply any anticipated receipts for that purpose from the source provided by the above cited statute.

The sole difference between the parties is whether the above quoted provision of the statute includes or contemplates the use of a part of such fund for the purpose of paying judgments rendered upon bonds issued for road purposes. It is conceded that bridge bonds are issued for "road purposes" and the parties agree upon the amount the county will receive from the operation of that statute.

Protestee contends that the money is required to be used only in payment of interest and annual accruals on road bonds; that a judgment is not such a bond and that the statute is not applicable under the agreed facts of the present case. The case of Board of County Commissioners of Creek County v. City of Sapulpa, 162 Okla. 253, 20 P.

2d 147, construing 62 O. S. 1941, § 435, is urged in support of that contention. The court therein pointed out the purposes for which sinking fund money may be used. We do not see wherein the use of the money as sought by protestant in this instance would be contrary to that section of the statute and that opinion.

Protestee would seem to rely most strongly upon our opinion in Tulsa County Excise Board v. Texas Empire Pipeline Company, 180 Okla. 287, 68 P. 2d 861, wherein this court denied the contention that the public officials were required to deposit certain receipts from collections of general fund taxes in the sinking fund to apply toward payment of judgments rendered on general fund warrants. Therein it was pointed out that no statute required that to be done and that the fund involved was levied for and became a part of the general fund.

In the present case it cannot be said that the tax was levied or the money was raised for general fund purposes. It was raised by other provisions of the act from which the above quotation is taken, and for the purposes therein stated. It is obvious that one of the purposes of the use was in the sinking fund under certain conditions. We must determine from the language and purpose of the act whether that sinking fund purpose as designated therein is confined to payment of the fund for interest and accrual on "road bonds" or whether it includes payment of interest and annual accruals on judgments rendered or based upon road bonds.

Protestant aptly points out that the language employed by the Legislature is for the retirement of interest and annual accruals of *indebtedness created by the issuance of* county or township bonds for road purposes. If the Legislature had intended the meaning ascribed by protestee, it would seem simple enough to have said, "for retirement of interest and annual accruals of bonds issued for road purposes." That interpretation of the statute would wholly omit the phrase "indebtedness created by

the issuance of." We must give that phrase some meaning if possible unless it must be rejected in view of the purpose of the whole act.

It would seem to us from the phrase contained in the statute that the Legislature was not concerned with the form or technical status of the obligation; that in the minds of the legislators the payment of the *indebtedness* incurred because of building roads was the purpose for which it desired a part of the proceeds of that tax levy to be used. No good reason or logic is assigned why any such differentiation might be intended or what purpose consonant with the spirit of the whole act would be served. None now occurs to us.

In addition to the intent manifest from the choice of words and phrases as discussed above, it is not denied that it has long since been the legislative policy of this state to apply tax revenues exacted in connection with the ownership and operation of motor vehicles largely toward financing roads, and to relieve, in a measure, the ad valorem taxpayer of a portion of the burden of the debt which he has been carrying as a consequence of prior road building programs. Pawnee County Excise Board v. Kurn et al., 187 Okla. 110, 101 P. 2d 614. There can be no doubt that the Legislature so intended by this act. The evidentiary form of the debt is of no consequence in the pursuit of that purpose. We therefore conclude that the provisions of the statute discussed include the mandatory requirement that a certain portion of the funds provided be used toward retirement of interest and accruals on judgments based upon road bonds.

The judgment of the Court of Tax Review is reversed, and this item of protest is sustained.

CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, and DAVISON, JJ., concur. HURST and ARNOLD, JJ., absent.