**OKMULGEE COUNTY EXCISE BOARD, Plaintiff in Error,**

v.

**ST. LOUIS–SAN FRANCISCO RAILWAY COMPANY, a Corporation, Defendant in Error.**

No. 37325.

Supreme Court of Oklahoma.

April 2, 1957.

Edgar R. Boatman, County Atty. of Okmulgee County, Okmulgee, for plaintiff in error.

G. E. Bailey, St. Louis, Mo., Satterfield, Franklin & Harmon, Oklahoma City, for defendant in error.

JOHNSON, Justice.

Herein we shall refer to plaintiff in error as protestee and the defendant in error as protestant.

This is an appeal from an order of the Court of Tax Review sustaining protests to certain tax levies.

There is no dispute as to the facts, and only the amount of the sinking fund levy is questioned.

The Court of Tax Review found that the sinking fund levy was illegal to the extent of .85 mills and ordered that the sinking fund levy be reduced from 3.30 mills to 2.45 mills, and directed that the financial statement of the county be corrected to show that $18,952.37 collected by the County Treasurer from the county's apportionment from commercial vehicle and bus mileage tax and from automobile and gasoline tax during March, April, May and June of 1955, was an asset of, and should have been considered as cash surplus in the County Sinking Fund; that when so considered, the sinking fund was excessive in the sum of .85 mills.

The decisive question for determination is whether, after the county became indebted on March 23, 1955, by receipt of $300,000 on road and bridge bonds, it was then mandatory under the provisions of 47 O.S.1951 § 22.2(d), 69 O.S.1951 § 264, and 68 O.S.1951 § 205, for the county treasurer to thereafter deposit 40 percent of the county's apportionment from the commercial vehicle and bus mileage tax, and 5 percent of the county's apportionment from automobile and gasoline tax into the county sinking fund.

The substance of protestee's contentions are: First, that the protestant should be estopped from raising such question by protest, for the reason that it knew of the county's misapplication of the funds as early as April 10, 1955; Second, that the county was not required to deposit said moneys into the sinking fund until the beginning of the next fiscal year after the bonded indebtedness occurred.

 In the case of In re Bliss, 142 Okl. 1, 285 P. 73, 79, we said that "(A) proceeding before the court of tax review is neither a law action nor a suit in equity, but a special proceeding authorized by the people to settle controversies involving the legality of tax levies." See 68 O.S.1951 §§ 331–340. And, in Jefferson County Excise Board v. Stanolind Pipe Line Co., 181 Okl. 102, 72 P.2d 805, we held that taxpayers must proceed in the Court of Tax Review

to test the legality of any tax levy as provided by 68 O.S.1951 §§ 331–340, and that such procedure was exclusive.

We have also held that the above cited statutory apportionments are mandatory. Atchison, T. & S. F. Ry. Co. v. Harper County Excise Board, 191 Okl. 103, 127 P. 2d 170, and Excise Board of Blaine County, v. Atchison, T. & S. F. Ry. Co., 180 Okl. 626, 71 P.2d 608.

Protestee does not question protestant's contention that it is the mandatory duty of the county, under 47 O.S.1951 § 22.2(d), to deposit 40 percent of its apportionment from commercial vehicle and bus mileage tax, and under 69 O.S.1951 § 264, 5 percent of its apportionment from automobile and gasoline tax, to the sinking fund to the extent of any county indebtedness created by the issuance of bonds for road purposes.

However, protestee argues that the above statutes, and the cases construing them, do not require the apportionment of such funds immediately upon the county becoming indebted for road bonds, but that the statutes only require that the excise board of the county provide for the use of such funds on an annual basis for the retirement of such bonds in existence at the beginning of the fiscal year.

This argument would have merit if the county highway cash fund were a fiscal year fund, but it is not. Appropriations from such fund are requested and made monthly, after the receipt of moneys making up such fund, and not on an annual basis. We think that the statutory requirement is clear that upon the county becoming obligated for road bonds, whether such occurs at the beginning, or during the fiscal year, the funds in question are no longer available for appropriation, but must be deposited in the county sinking fund. See 47 O.S.1951 § 22.2(d), 69 O.S.1951 § 264, 68 O.S.1951 § 205 and Harper County Excise Board and Blaine County Excise Board cases, supra.

Other contentions of protestee have been examined and found to be without substantial merit.

The judgment of the Court of Tax Review is affirmed.

WELCH, C. J., and DAVISON, HALLEY, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.